IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

ALMA JOHNSON, and
JAY JOHNSON as legal guardian
for KRISTIN JOHNSON,
                Plaintiffs,

    Vs.                                                            No.  12-1309-SAC

CMC PROPERTY LEASING, INC.,
and PERRY HILT,

                Defendants.

MEMORANDUM AND ORDER

        In April of this year, Alma Johnson leased a home from Perry Hilt and his leasing agent, CMC Property Leasing, Inc. At Ms. Johnson's request and with Mr. Hilt's approval, modifications were made to the home to accommodate Ms. Johnson's disabled daughter. Mr. Hilt sent Ms. Johnson a two-page "Warning and Good Cause Notice," dated July 26, 2012. The notice laid out three good cause grounds for possible termination of lease:  (1) inhabited by persons not on the lease, (2) numerous instances of damage to property, and (3) the unauthorized removal and retention of a threshold by the contractor. (Dk. 7-3). In response to this notice, Ms. Johnson spoke with Mr. Hilt and then had her attorney contact him. When Mr. Hilt refused to withdraw the notice, the plaintiffs filed this action asserting not only violations of the Fair Housing Act, the Kansas Act Against Discrimination and the Kansas Consumer Protection Act, but also claims for breach of contract

and invasion of privacy. Mr. Hilt seeks to dismiss all claims but the breach of contract claim. (Dk. 8) CMC Property Leasing also seeks dismissal joining the issues and arguments of Mr. Hilt (Dk. 10).

**FED. R. CIV. P. 12(B)(6) STANDARDS**

In deciding a Rule 12(b)(6) motion, a court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010). This duty to accept a complaint's allegations as true is tempered by the principle that "mere labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As recently clarified by the Supreme Court, the standard under Rule 12(b)(6) is that to withstand a motion to dismiss, "a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.'" *Al-Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" *Kansas Penn Gaming*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). It follows then that if the "complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id*. "'A claim has facial plausibility when the [pleaded] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming*, 656 F.3d at 1214. The Tenth Circuit regards the *Twombly-Iqbal* decisions as crafting a new "refined standard" whereby "plausibility refers to 'the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting in turn *Twombly*, 550 U.S. at 570).

> In discrimination claims, as with others, the court's task
>
> > begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual

> allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679, 684 (applies to all civil actions including discrimination suits). Rule 9 "excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid-though still operative-strictures of Rule 8." *Iqbal*, 556 U.S. at 686–87.  So, "the Federal Rules do not require courts to credit a complaint's conclusory statements [on discriminatory intent] without reference to its factual context." *Id*. at 686. (rejecting the argument that a conclusory allegation of discriminatory intent is sufficient) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. The assertion of discriminatory intent must be more than a conclusion; it must be supported "by the necessary *factual* allegations to support a reasonable inference of discriminatory intent." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 886 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 679). The Supreme Court in *Iqbal* rejected as inadequate the following pleading on discriminatory intent:  the defendants "knew of, condoned, and willfully and maliciously agreed to subject [the plaintiff] to harsh conditions of confinement as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." 556 U.S. at 680.

      Once the court finds adequate allegations of intentional discrimination, the court then moves to the plausibility inquiry. While the

complaint "need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense' could 'draw the reasonable inference,'" that defendants discriminated against the plaintiffs on the basis of disability. *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The plaintiffs must allege "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. They need to allege enough "by way of factual content to 'nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570). "As between that 'obvious alternative explanation' for the . . . [adverse treatment], and the purposeful, invidious discrimination respondent asks us to infer, discrimination" must be a "plausible conclusion." *Iqbal*, 556 U.S. at 682 (quoting *Twombley*, 550 U.S. at 567).

**ANALYSIS**

Counts one and two allege violations of the Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, 42 U.S.C. § 3601, *et seq.* The FHA includes a prohibition of housing discrimination based on "the handicap of" the "renter," "a person residing in or intending to reside in that dwelling after it is . . . rented . . .," or "any person associated with that . . . renter." 42 U.S.C. § 3604(f).  Subject matter jurisdiction of this action, as pleaded, depends on the FHA counts, 42 U.S.C. §§ 3612 and 3613, and

supplementary jurisdiction is asserted for the remaining counts, 28 U.S.C. § 1367. The dismissal of the federal claims (FHA counts) at this stage typically would include an order declining supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). *See Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." (internal quotation marks and citation omitted)), *cert. denied*, 133 S. Ct. 211 (2012). Thus, the court will focus its 12(b)(6) inquiry on the federal claims, as the pleading deficiencies are substantial.

## COUNT ONE

The defendants argue the plaintiffs have not alleged an actionable claim under any of provisions to § 3604. The defendants say there are no factual allegations showing that the defendants discriminatorily denied or made unavailable any rental dwelling in violation of § 3604(f)(1); that the defendants discriminated against the plaintiffs in the terms, conditions, or privileges of a rental dwelling in violation of § 3604(f)(2); or that the defendants discriminated against the plaintiffs in the provision of services or facilities in connection with the rental dwelling in violation of § 3604(f)(2).

The plaintiffs explain count one to be a terms and conditions claim under (f)(2) that alleges the defendant Hilt acted with discriminatory intent in attempting to evict Ms. Johnson's disabled daughter, Kristin

Johnson, based on the property damage caused by Kristin's wheelchair and other implements needed for her mobility and care. Besides the good cause notice, plaintiffs say the complaint alleges the defendant Hilt "orally raised" this property damage issue in "conversations" with the plaintiff Johnson. (Dk. 7, ¶ 18). Because the defendant Hilt clearly has attempted to evict them "on account of issues related to" the daughter's disability, the plaintiffs believe these facts alone sufficiently show a discriminatory intent. (Dk. 13, p. 4). The plaintiffs also respond that there is more from which the defendant Hilt's discriminatory intent can be inferred: namely, his efforts to evict the plaintiffs for "impermissible reasons." *Id.* The plaintiffs say they have alleged direct evidence of discriminatory intent in the defendant Hilt's retort to Ms. Johnson that his rental unit "is not a Habitat house." (Dk. 7, ¶ 19). The plaintiffs regard this comment as "an inartfully coined insult directly at Kristin's disability." (Dk. 13, p. 5) Finally, the plaintiffs alleged that the defendant Hilt's unauthorized entry into the rental home to take photographs of the home's condition "suggests that he was disturbed by the presence of a wheel-chair bound individual in the home and was looking for ways to evict her." *Id.* at pp. 5-6.

From reading the amended complaint, the court understands count one to allege a § 3604(f)(2) terms and conditions claim of discrimination in that the defendant Hilt discriminated against Ms. Johnson and her daughter based on Kristin's disability "by falsely claiming that Ms.

7

Johnson is in default of the lease, unreasonably demanding her daughter vacate the premises, and demanding Ms. Johnson make repairs in order to allegedly cure the default." (Dk. 7, ¶ 23). As factual allegations, the plaintiffs include that "Ms. Johnson informed the Defendants that her disabled daughter, Kristin and her legal guardian would be residing in the property and that the property would require modifications for her daughter." (Dk. 7, ¶ 10). The defendant Hilt sent a good cause notice dated July 26, 2012, to Ms. Johnson "citing the interior damages as a reason to terminate the lease."  (Dk. 7, ¶ 17). The notice is attached to the amended complaint. They also alleged that Hilt "takes issue primarily with the damage to the property caused by wheelchairs and other implements" used in caring for the "handicapped individuals living in the home." *Id.* at ¶ 18. When Ms. Johnson spoke with Hilt, he told her "this is not a Habitat house." *Id.* at ¶ 19. The amended complaint also refers to and attaches a copy of the email sent by the plaintiff's counsel to Hilt.

"To prevail on a disparate treatment claim, a plaintiff must show proof of intentional discrimination." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608 (6th Cir. 2012) (citation omitted). For proof, a plaintiff may rely on direct evidence or circumstantial evidence making use of the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Id.*; *Boykin v. Gray*, 2012 WL 4713012 at *4-*5 (D.D.C. 2012). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case

8

in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192 (citations omitted). In circumstantial evidence cases, a plaintiff "must put forth facts showing that he was treated differently than others because of his disability." *Riccardo v. Cassidy*, 2012 WL 651853 at *5 (N.D.N.Y. 2012) (citing *Boykin v. Keycorp*, 521 F.3d 202, 214-15 (2nd Cir. 2008) (sufficient to allege the plaintiff was "treated differently from similarly situated loan applicants)).

In determining whether the amended complaint plausibly alleges discriminatory intent, the court first identifies those unsupported conclusory statements that should be disregarded. The allegation that Hilt "discriminated against Ms. Johnson and her daughter on the basis of the daughter's disability" may recite an element to their terms and conditions claim, but it is not supported by any factual allegations evidencing a discriminatory intent. This is the type of general allegation, when lacking factual enhancement, can be rejected as conclusory based on *Iqbal* and subsequent decisions applying it. *See McReynolds*, 694 F.3d at 886. Moreover, the allegations that Hilt is "<u>falsely</u> claiming that Ms. Johnson is in default of the lease" and that Hilt is "<u>unreasonably</u> demanding her daughter vacate the premises and demanding Ms. Johnson make repairs in order to allegedly cure the default" are bare conclusions not bolstered by any facts alleged in the amended complaint. The complaint plainly does not lay out

allegations from which one can reasonably infer "falsity" or "unreasonableness." As these are not well-pleaded allegations, the court is not to assume their veracity or determine plausibility based on them. *Iqbal*, 556 U.S. at 679.

What the plaintiffs now argue as allegations evidencing discriminatory intent fail the plausibility standard, in that they do not offer sufficient factual content from which the court based on its common sense and experience can draw a reasonable inference that the defendant discriminated against the plaintiffs on the basis of Kristin's disability. The court will discuss briefly each of the plaintiffs' arguments.

There are insufficient facts to infer a discriminatory intent from the allegation that Ms. Johnson informed Mr. Hilt that Kristin and her legal guardian would be residing in the dwelling unit. Indeed, the complaint alleges Mr. Hilt agreed with and helped coordinate modifications to the dwelling unit for purposes of the daughter's disability. Mr. Hilt's good cause notice attached to the amended complaint reads in relevant part:  "Contract was written to Alma Johnson. There are (3) individuals living in the house, none of whom are (sic) Alma Johnson."  It also states:  "All tenants living in the property, none of whom are on the lease, need to be removed immediately." "Alma Johnson is who is on the contract. No one other than name(s) on lease are to occupy the above mentioned property." (Dk. 7-3, pp. 1-2). Hilt's good cause notice clearly relies on the plain terms of the

written lease signed by Ms. Johnson and attached to the amended complaint. The amended complaint does not allege that the notice falsely asserts any relevant facts or terms of the lease. Finally and most importantly, the plaintiffs do not allege circumstances showing that any disparate or discriminatory enforcement of the lease's plain terms.

It is not plausible to infer discriminatory intent merely from the fact that Hilt's notice of good cause includes property damage caused by a wheelchair or other equipment used in caring for Kristin. The lease certainly makes the tenant "responsible for any destruction, defacement, damage, impairment, or removal of any part of the premises caused by an act or omission of the TENANT or by any person . . . on the premises at any time with the express or implied permission or consent of the TENANT." (Dk. 7-01, p.3). The plaintiffs do not allege circumstances suggesting that Hilt enforced this express term disparately as to support a reasonable inference of discriminatory intent. Just because some or most of the damages were caused by a wheelchair does not make into discrimination the landlord's effort to have those damages repaired according to the lease. The tenant is responsible for "**any** destruction, defacement, [or] damage," and there is nothing alleged to show the landlord acted discriminatorily in enforcing that term when and how he did. There are no other circumstances alleged to nudge this claim across the line from conceivable to plausible.

11

The plaintiffs also argue evidence of discriminatory intent from the circumstance that Hilt's good cause notice said cigarette butts were found in the dwelling which was described as "non-smoking." The plaintiffs argue this is a pretextual basis for Hilt's actions, as the lease does not prohibit smoking. The amended complaint is devoid of any allegations to support any such inferences. Moreover, the written lease states: "this property is a non smoking unit and Tenant(s) and or their guests must smoke outside of the property and dispose of cigarettes in fireproof container." (Dk. 7-1, ¶ 26). There is no factual allegation of disparate treatment in the defendant's enforcement of this lease provision.

The plaintiffs allege the defendant Hilt violated the lease in entering the rental unit without giving reasonable notice. The plaintiffs offer nothing but speculation to connect the improper entry with the alleged discriminatory motive. The lease gave Hilt the right of access to inspect the premises upon reasonable notice during reasonable hours. There are no allegations to support a reasonable inference of discriminatory intent merely from the defendant's decision to enter and inspect the premises without prior notice.

Finally, the plaintiffs allege the defendant Hilt said to Ms. Johnson that "this is not a Habitat house." Though the plaintiffs argue this comment is "direct evidence of discriminatory intent," the amended complaint fails to allege any connection between this comment and a motive

12

to discriminate on the basis of Kristin's disability. What the plaintiffs have alleged or argued about the circumstances of the defendant's comment do not plausibly suggest the comment is direct evidence of a discriminatory intent. While the plaintiffs certainly may understand the comment to be an "insult," their allegations do not show that it is more plausible to infer this insult was directed at Kristin's disability than at the occupants' obvious lack of regard and care for the rental dwelling.

Disregarding the conclusory statements of discriminatory intent and accepting the properly alleged facts as true, the court finds that the plaintiffs have failed to allege sufficient facts that when considered individually and collectively would support a plausible conclusion of intentional discrimination on the basis of disability. The plaintiffs have not alleged "more than a sheer possibility" of a discriminatory intent. Stated another way, their factual allegations do not move their claim beyond what is conceivable into what is plausible. Count one fails to state a claim upon which relief can be granted.

## COUNT TWO

The defendant argues this count offers nothing but conclusory statements for which there are no factual allegations to support a plausible claim for relief. The plaintiffs respond that they have alleged that the defendant Hilt "through his conduct and action described above violated 42 U.S.C. Section 3617 by coercing, intimidating, threatening, or interfering

13

with Ms. Johnson and Kristin Johnson in the exercise and enjoyment, and on account of their having exercised and enjoyed her fair housing rights under Section 804 of the Fair Housing Act." (Dk. 7, ¶ 27). In arguing against dismissal, the plaintiffs emphasize their allegations that the defendant entered the property without prior notice, took photographs of the property damage, and then demanded immediate repairs of the damaged property. (Dk. 13, p. 7).

A § 3617 claim requires a plaintiff to show:

(1) the plaintiff is a member of an FHA-protected class; (2) the plaintiff exercised a right protected by §§ 3603–06 of the FHA, or aided others in exercising such rights; (3) the defendants' conduct was at least partially motivated by intentional discrimination; and (4) the defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, aided, or encouraged others in exercising a right protected by the FHA. *King v. Metcalf 56 Homes Ass'n, Inc.*, 385 F.Supp.2d 1137, 1142–43 (D.Kan.2005).

*South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F. Supp. 2d 85, 95 (D. Mass. 2010). Just as with a § 3604 claim, discriminatory intent must be alleged and proved for a § 3617 claim. *Id.* at 95-96. The plaintiffs do not offer any additional factual allegations to this count. Thus, it fails to allege a plausible conclusion of intentional discrimination for the reasons stated above.

## REMAINING COUNTS

The court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims and does not address here the defendants' challenges to those pleaded counts.

## LEAVE TO AMEND

The plaintiffs summarily "request leave to amend" should the court find "deficiencies in the Amended Complaint." (Dk. 13, p. 10). Other than citing the general standard of liberality for granting leave, the plaintiffs have not filed a formal motion to amend, have not attached the proposed amendment and have not provided "adequate notice of the basis of the proposed amendment." *See Calderon v. Kansas Dept. of Social & Rehab. Serv.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999) ("By requiring notice to the court and the opposing party of the basis for the motion, [Fed. R. Civ. P.] rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring the court can comprehend the basis of the motion and deal with it fairly." (internal quotation marks and citations omitted)).  This "requirement of notice merely assures that we do not require district courts to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Id*. at 1187 (internal quotation marks and citation omitted); *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (the plaintiff "nowhere explained how a proposed amendment would cure the deficiencies identified by the district court."). As in *Calderon* and in *Glenn v. First Nat'l Bank*, 868 F. 2d 368, 370 (10th Cir. 1989),  the plaintiffs' single paragraph here simply makes "a bare request in their response to a motion to dismiss" asking for leave but offering no particular grounds for the request as to even constitute an application for leave. 181 F.3d at 1186. The

plaintiffs' request does not meet the requirements of D. Kan. Rule 15.1, and it does not offer sufficient notice on which to base a ruling.

IT IS THEREFORE ORERED that the defendants' motions to dismiss (Dks. 8, 10) are granted as to the FHA claims brought in counts one and two, and supplementary jurisdiction over the remaining state law claims pleaded in counts three through seven is declined pursuant to 28 U.S.C. § 1367(c)(3).

Dated this 4th day of December, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge